# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-51116
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AMANDA YVONNE BOHANNON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:13-CR-88-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Amanda Yvonne Bohannon was convicted of one count of theft of government property with a value of less than $1000 and was sentenced to serve 30 days in prison and a one-year term of supervised release. In this appeal, Bohannon argues that the district court erred by denying her oral motion for judgment of acquittal, in which she argued that the Government had failed to prove that the stolen items had value.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51116

We review a district court's denial of a motion for judgment of acquittal de novo. *United States v. Girod*, 646 F.3d 304, 313 (5th Cir. 2011); FED. R. CRIM. P. 29(a). "The jury's verdict will be affirmed if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt." *Girod*, 646 F.3d at 313 (internal quotation marks and citation omitted). "Juries are free to use their common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence." *United States v. Flores-Chapa*, 48 F.3d 156, 161 (5th Cir. 1995).

Our review of the record shows that the evidence adduced at trial was sufficient for a reasonable trier of fact to conclude that Bohannon stole a "thing of value" belonging to the United States government. *See* 18 U.S.C. § 641. Additionally, the jurors were "free to use their common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when" to infer that the purloined medications had value. *See Flores-Chapa*, 48 F.3d at 161. Bohannon's claim that her motion for judgment of acquittal should have been granted is unavailing. Equally unavailing is her argument that the district court erroneously imposed a $100 special assessment, as the amended judgment reflects a $ 25 special assessment.

AFFIRMED.